UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL MURRAY,                    :

        Petitioner,         :

vs.                               :  Civil No. DKC-13-3244

TIMOTHY STEWART, Warden,          :

        Respondent.         :

PETITIONER'S MOTION FOR LEAVE TO FILE OUT OF TIME OPPOSITION
TO WARDEN'S SHOW CAUSE ORDER RESPONSE

Petitioner in the above captioned action, Darryl Murray, an unrepresented prisoner, hereby respectfully moves this Honorable Court to grant him leave to file the annexed document, styled as PETITIONER'S OPPOSITION TO RESPONDENT's MOTION TO DISMISS HABEAS PETITION, OR ALTERNATIVELY FOR SUMMARY JUDGMENT. Petitioner submits to the Court that the points and authorities set forth below, together with the facts in his accompanying Declaration, establish good cause for granting the relief requested by this motion.

Facts:

1. The Petitioner lacks the knowledge and skills necessary to adequately and effectively demonstrate to this Court that he is entitled to the relief requested in the habeas petition which initiated this proceeding. See the Declaration of Petitioner ("Decl.") submitted herewith at ¶¶ 6(a-g). Petitioner has relied on the advice and depended of the assistance of a fellow prisoner in forming a good faith belief that he is entitled to relief he seeks in this habeas action and to make the case for granting that relief. See id.

2. On January 6, 2014, the Respondent filed a "Response" to the pending [1]
habeas petition, wherein it is argued that the case should be dismissed as moot,
or alternatively, summary judgment entered in Respondent's favor, because the
United States Parole Commission ("USPC") has taken action to provide Petitioner
"the remedy he would be entitled to receive should the Court grant [him]
Relief." Dkt. 3-1 at 3.

3. The habeas petition sought judicial relief from USPC's refusal to
act on a request for dispositional review of a supervised release violation
detainer lodged against Petitioner with his Bureau of Prisons ("BOP") custodian.
But the petition may also be read to allege that the detainer should be with-
drawn. See Dkt. 1 at ¶ 8. [2]

4. Based upon the fact that, contemporaneously with the filing of the
Warden's Response, USPC forms were provided to Petitioner which suggested
that the relief sought in this lawsuit would be forthcoming--including the
appointment of counsel to assist him in preparing a dispositional review
application presenting points and authority in support of the withdrawal of
the subject detainer, and on advice of the assisting fellow inmate that
opposing the Warden's dispositive motion did not appear necessary, no oppo-
sition or other response to the Warden's motion was filed within the time
prescribed in a Roseboro Notice from the Clerk.

5. Petitioner promptly signed the USPC forms provided to him, indicating

---

[1] Petitioner has not been served with an ORDER of this Court finally disposing of the case and, therefore, assumes that proceedings on his habeas petition remain open. If a final disposition of the case has in fact been entered, Petitioner requests the Court to construe Petitioner's "Opposition" to Respondent's dispositive motions - for which leave to file out of time is hereby sought - as a motion for relief from judgment pursuant to Fed.R.Civ.P 60(b).

[2] Respondent has represented to this Court that USPC has no record of having received the June 6, 2013, letter requesting dispositional review of the subject detainer be conducted, which Petitioner avers he mailed with postage for certified mail service prepaid. Attached to this motion is a copy of said June 6th letter, and a copy of a U.S. Postal Service business record confirming delivery of the letter to UPSC's office address.

that Petitioner wished to have an attorney appointed to assist him with the preparation of a dispositional review application, then gave the forms back to his BOP Case Manager for forwarding to USPC.

6. To date, Petitioner has not been contacted by the attorney that he was led to believe would be appointed to assist in preparing Petitioner's dispositional review application.

7. A recent review of the records of this proceeding, by Petitioner's inmate legal-assistant, turned up a previously overlooked USPC "Notice of Action" ("NOA") that was filed with the Warden's Response. This NOA establishes that a dispostional review of the subject detainer was conducted by USPC prior to my receipt of the "Notice of Pending Dispositional Review" and related forms from my Case Manager.

8. Had I known that a dispositional review of the subject detainer had been conducted before I was provided notice of pending dispositional review, I would have filed timely opposition to the Respondent's dispositive motion. Or more accurately, had I not been misled by the words and actions of my Case Manager indicating that dispositional review of the detainer was pending, I would have filed timely oppostion to the Respndent's motion to dismiss or for summary judgment. See Decl. at ¶¶ 7-12.

Argument:

This Court should grant the instant motion for leave to file out of time opposition and to otherwise respond to Respondent's dispositive motion, because Petitioner's failure to file timely opposition to Respondent's motion was the result of mistake, excusable neglect, misrepresentation or fraud. See Declaration submitted herewith.

The claims presented in the habeas petition are not moot, as Respondent contends in his dispositive motion, as the Petitioner was not afforded a meaningful opportunity to be heard regarding the appropriate dispositional review decision; thus, dismissal of the petition or the grant of summary judgment in Respondent's favor effectively vitiates Petitioner's substantial and fundamental rights, and would amount to a miscarriage of justice.

WHEREFORE, Petitioner prays this Court will grant this motion, and permit his OPPOSITION TO RESPONDENT'S MOTION TO DISMISS the action to be filed and duly considered in adjudication of the issues and claims presented.

Respectfully submitted,

March 17, 2014

*Darryl Murray*
Darryl Murray
Reg. No. 35625-007
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000

CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of March, 2014, I mailed a copy of the foregoing motion, with first class postage prepaid, to:

Michael A. DiPietro
Assistant U.S. Attorney
36 S. Charles Street
Fourth Floor
Baltimore, MD 21201

*Darryl Murray*
Darryl Murray