IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYL MURRAY | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-13-3244 |
| TIMOTHY STEWART | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Respondent's Motion to Dismiss and Response to Show Cause Order (ECF No. 3), which is opposed by Petitioner (ECF Nos. 7 and 8). Petitioner has also filed a Motion for Leave to File Out of Time (ECF No. 6) which shall be granted. No hearing is necessary to resolve the motions pending before the court. *See* Local Rule 105.6 (D. Md. 2011).

### Petitioner's Allegations

Petitioner Darryl Murray ("Murray") is a prisoner confined in the Federal Correctional Institution (FCI) in Cumberland Maryland for service of a 90-month sentence imposed by the Superior Court of the District of Columbia for distribution of a controlled substance. ECF No. 1 at pp. 1 – 2.[1] He asserts that the United States Parole Commission (USPC) has refused to provide a dispositional review of an outstanding parole violation warrant which is lodged as a detainer against him with the Federal Bureau of Prisons (BOP). *Id*. at p. 8.

Murray states he began serving a three year term of supervised release on May 30, 2008, and was arrested on February 6, 2009, in the District of Columbia for distribution of a controlled substance. He was released on those charges. Murray was again arrested on June 28, 2009, on

---

[1] Pagination references ECF page numbers.

charges of aggravated assault and assault with significant bodily injury, and was held in jail pending further proceedings. *Id*. at p. 9.

Murray claims that, in January of 2010, a warrant for his arrest on charges that he violated the terms of his supervised release was issued by the USPC; the basis for the parole violation warrant were the two arrests on February 6 and June 28, 2009.  Because Murray remained in the custody of the D.C. Jail, the warrant was lodged as a detainer and remains lodged with the BOP. ECF 1 at p. 9.

Murray's assault charges were dismissed, but he was tried and convicted on two counts of drug distribution in the D.C. Superior Court.  He was subsequently committed to the BOP for service of the 90-month term imposed.  Murray states that on June 6, 2013, he sent a letter to the USPC requesting dispositive review of the parole violation warrant; advising that "there is no legitimate and rational reason for the warrant/detainer to remain on file and outstanding;" and stating that the detainer would cause him to suffer adverse conditions of confinement as well as adverse collateral consequences.  *Id*. at p. 10 and Ex. 1.  Murray received confirmation that that the USPC received his letter on June 19, 2013, but he has not yet received a response or dispositive review of the warrant. *Id*. at p. 11.

Murray argues that under 18 C.F.R. §2.219(a)(2) the maximum term of imprisonment he could be ordered to serve if the supervised release is revoked is three years.  He further asserts that under 28 C.F.R. §2.213(e) he is entitled to "credit for all time in confinement resulting from any new offense or violation that is considered by the Commission as a basis for revocation." ECF No. 1 at p. 11.  Murray has served more than three years in the custody of the BOP as a result of the new offense which is the basis for the warrant underlying the detainer lodged by the

UPC and, he maintains, he has therefore already satisfied any term of incarceration he could be required to serve for violations of his supervised release. *Id*.

Murray states that the USPC's refusal to withdraw the detainer is preventing his assignment to a lower security prison as well as rehabilitation and treatment programming. He asserts this court's review is authorized in this instance because the USPC has failed to comply with its own regulations or has exercised its discretionary power in a manner which constitutes clear abuse or caprice. ECF No. 1 at p. 12.

### Respondent's Motion to Dismiss

As further background information, Respondent states that Murray was sentenced by the District of Columbia Superior Court on January 4, 2005, to a one-year sentence for carrying a pistol without a license and a consecutive three-year sentence for assault with intent to commit robbery. In addition, Murray was required to serve a total of three years supervised release, which he began to serve on May 30, 2008. ECF No. 3 at Ex. 1, 2, and 6.

Prior to the warrant for violation of supervised release, the USPC issued a letter of reprimand on September 26, 2008, regarding Murray's alleged involvement in distributing marijuana, and by letter dated July 8, 2009, advised Murray he had violated the conditions of supervision by committing violations of the law. ECF No. 3 at Ex. 3 and 4. On January 20, 2010, the warrant charging Murray with violating supervised release by distributing cocaine and committing aggravated assault as well as assault with significant bodily injury was issued. *Id*. at Ex. 5 and 6. The warrant was lodged as a detainer because Murray was already in custody. *Id*. at Ex. 7.

Respondent asserts that the USPC never received a request for review of Murray's detainer as required by regulation, but the requested review has been undertaken as a result of the

instant petition. *Id*. at Ex. 8. In light of that review, Respondent maintains that Murray's petition should be dismissed as moot. ECF 3-1 at p. 3, citing *Poynor v. U.S. Parole Commission*, 878 F. 2d 275, 276 (9th Cir. 1989).

Additionally, Respondent states that Murray's assertion that he has already served the time the USPC could order if his supervision is revoked is erroneous. Rather, Respondent maintains that the applicable regulation only entitles Murray to credit for confinement resulting from any new offense for the purpose of satisfying the time ranges in the parole guidelines which is not the same as credit towards the sentence. If the USPC revokes Murray's supervised release term, it is empowered to require service of up to three additional years of confinement as a new term of imprisonment. ECF No. 3-1 at p. 3, n. 1, citing 28 C.F.R. § 22.213(e). Respondent further asserts that Murray is not entitled to credit towards his 2005 sentence or supervised release term for the time his spent in custody on his new sentence, but the issue regarding the amount of time he may be required to serve is not yet ripe for review since the USPC has not yet acted on the alleged parole violation. *Id*. citing 28 C.F.R. § 2.213(d).

**Analysis**

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial

decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). A claim that is moot may be considered by the court if it is "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The exception is limited to exceptional situations. *See Incumaa v. Ozmint*, 507 F. 3d 281, 289 (1983). "In the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

In his response to Respondent's Motion to Dismiss or for Summary Judgment, Murray states that he was not provided with the notice of dispositional review by his case manager at FCI Cumberland until after the deadline for requesting the assistance of an attorney and submitting evidence for consideration had passed. ECF No. 8. Murray further indicates that the failure to notify him in a timely manner occurred through no fault of his own as the notice was faxed to the institution prior to the deadline of January 2, 2013 [sic, 2014], but was not provided to him until February of 2014. *Id*. As the notice indicates, failure to provide that information in a timely manner resulted in a dispositional review without consideration of any evidence Murray wished to submit. *Id*. at Ex. 1. Murray correctly asserts that the failure to provide timely notice of dispositional review resulted in a fundamentally unfair process. Respondent apparently concedes the procedure in this case was flawed and states in the Reply that dispositional review has begun anew so that Murray may be afforded the opportunity to present evidence with the assistance of counsel. ECF No. 12.

Murray's Petition sought dispositional review of the detainer filed by the USPC.  While the evidence presented in this case establishes that Murray's concerns were clearly warranted, it also establishes that the errors made have been rectified.  No further remedy remains to be fashioned by this court.  Accordingly, the Petition shall be dismissed as moot by separate Order which follows.

Date:  June 30, 2014                                   /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge